UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 10-211** |
| **LAQUINN INGRAM** | * | **SECTION "L"** |

ORDER VACATING SENTENCE

Before the Court is Defendant Laquinn Ingram's Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 34). The Government filed a response in opposition, (Rec. Doc. 36), stating that Ingram is not entitled to a more lenient sentence under the Fair Sentencing Act of 2010. The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

I.  BACKGROUND

On December 2, 2010, Ingram pleaded guilty to Counts 2 through 6 of the Indictment dated June 22, 2010. Pursuant to a plea agreement, the Government dismissed Count 1 at the time of sentencing. (Rec. Doc. 21). Count 2 charged Ingram with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). Count 3 charged Ingram with possession with intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). Count 4 charged Ingram with possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D). Count 5 charged Ingram with posession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Lastly, Count 6 charged Ingram with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (Rec. Doc. 29).

On May 12, 2011, this Court sentenced Ingram to imprisonment for a term of 120 months. (Rec. Doc. 29). The Judgment of the Court reads: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: One Hundred Twenty (120) months. This term consists of Sixty (60) months as to each of counts 2, 3, & 5 and Sixty (60) months as to count 4 to be served concurrently, and Sixty (60) months as to count 6 to be served consecutively to terms imposed in counts 2, 3, 4 & 5." (Rec. Doc. 29 at 2).

Prior to the enactment of the Fair Sentencing Act of 2010, Count 2 carried a statutory mandatory minimum sentence of five years (sixty months). The Court's sentence was consistent with this mandatory minimum.

## II.  LAW & ANALYSIS

On August 3, 2010, the President signed into law the Fair Sentencing Act of 2010 ("FSA"), which raised threshold requirements of crack needed to trigger certain statutory mandatory minimum sentences. The FSA raised the amount of crack that triggered a five-year mandatory minimum sentence from five grams to twenty-eight grams. Further, the FSA directed the Sentencing Commission to promulgate new sentencing guidelines.

Recently, in *Dorsey v. United States*, the Supreme Court held that the FSA's new, lower mandatory minimums should apply retroactively to defendants who committed their crimes before the FSA was passed but who were sentenced after it was passed. *See* 132 S.Ct. 2321, 2331 (2012). Ingram was sentenced on May 12, 2011, just over nine months after the enactment of the FSA. Yet, the Court used the old pre-FSA mandatory minimum statutory regime to reach its sentencing decision. Therefore, under *Dorsey*, Ingram is entitled to be re-sentenced.

The Government raises an important argument in opposition to Ingram's motion. The Government emphasizes that Ingram was sentenced to concurrent sixty-month sentences. The

Government argues that Counts 3-5 were not affected by the FSA.  Accordingly, "even without Count 2's sentence, Ingram's total sentence is still 120 months imprisonment."  (Rec. Doc. 36).  The Court agrees that as his sentence stands now, Ingram is required to serve 120 months regardless of the status of his sentence for Count 2.  However, the Court finds that Ingram has still shown that he was prejudiced by the Court's use of the pre-FSA statutory mandatory minimums.  The pre-FSA mandatory minimum sentence obviously guided the Court and played a role in the ultimate sentencing decision of the Court.  For this reason, it is necessary to re-sentence Ingram in order to ensure that the pre-FSA statutory mandatory minimum does not play an improper role in the Court's sentencing decision.

      Accordingly,

      **IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is hereby **GRANTED** and the Judgment dated May 16, 2011, is hereby **VACATED**.

      **IT IS FURTHER ORDERED** that the Defendant Laquinn Ingram be re-sentenced on January 23, 2014 at 2:00 p.m.

      **IT IS FURTHER ORDERED** that the United States Probation Office prepare an addendum to the Presentence Report.

      **IT IS FURTHER ORDERED** that Attorney for the Defendant advise the Court and the Counsel for the Government immediately if Laquinn Ingram is waiving his appearance and participating by video conference or if he would like to attend in person.

      The Court finds that this Order addresses the concerns that were raised in Defendant's previous Motion for Retroactive Application of Sentencing Guidelines (Rec. Doc. 30).

Therefore, **IT IS ORDERED** that Defendant's Motion (Rec. Doc. 30) is hereby **DENIED** as moot.

New Orleans, Louisiana, this 17th day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE